UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., ) | Case No.: 5:12-CV-05771 EJD |
| ) | |
| Plaintiff, ) | **ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |
| v. ) | |
| ) | |
| ROSA GARCIA, et al., ) | |
| ) | |
| Defendant. ) | **[Re: Docket No. 13]** |
| ) | |

Presently before the Court is Defendant Rosa Garcia's ("Garcia") Motion for Judgment on the Pleadings against Plaintiff J&J Sports Productions, Inc. ("J&J"). Having reviewed the parties' submissions, the Court has found this matter appropriate for decision without oral argument. Civil L.R. 7–1(b). For the reasons discussed below, the Court GRANTS Garcia's Motion for Judgment on the Pleadings.

**I.   Background**

According to the Complaint, J&J owns the exclusive nationwide commercial distribution rights to <u>Manny Pacquiao v. Juan Manual Marquez III WBO Welterweight Championship Fight Program</u> ("the Program"), which first aired on November 12, 2011. Compl. ¶ 14. J&J alleges that

1

Garcia is the owner of El Migueleno Restaurant ("El Migueleno") operating at 1066 Broadway Avenue, Seaside, CA 93955. Id. ¶ 11. J&J alleges that the Program was unlawfully displayed at El Migueleno without licensing permission for the willful purposes of commercial advantage and private financial gain. Id. ¶¶ 17–18.

On November 19, 2012 J&J filed its Complaint alleging violations of (1) the Communications Act of 1943 (47 U.S.C. § 605); (2) the Cable & Television Consumer Protections and Competition Act of 1992 (47 U.S.C. § 553); (3) common law conversion; and (4) Cal. Bus. & Prof. Code § 17200. See Docket Item No. 1. On January 30, 2013, Garcia filed the present Motion for Judgment on the Pleadings, see Docket Item No. 13, which was not met with an opposition from J&J.

## II. Legal Standard

Rule 12(c) of the Federal Rules of Civil Procedure provides in relevant part: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." See Fed. R. Civ. P. 12(c). For purposes of a motion under Rule 12(c), the allegations of the non-moving party are accepted as true and the allegations of the moving party that have been denied are presumed false. See Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1990). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Id.

A motion for judgment on the pleadings is generally evaluated under the same legal standard as a motion to dismiss pursuant to Rule 12(b)(6). Lopez Reyes v. Kenosian & Miele, LLP, 525 F. Supp. 2d 1158, 1160 (N.D. Cal. 2007). A motion to dismiss under Rule 12(b)(6) can be granted based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

### III. Discussion

In her Motion for Judgment on the Pleadings, Garcia contends that she holds no interest, ownership, or control of El Migueleno and is not the owner, manager, or operator of the restaurant. In essence, she asserts that she has been incorrectly named as Defendant in this lawsuit. She supports this contention by providing two documents: (1) the Monterey County online fictitious Business Names Index for El Migueleno Restaurant (accessed December 18, 2012); and (2) the Seaside, CA business license for El Migueleno Restaurant located at 1066 Broadway Avenue, Seaside, CA 93955. See Decl. of Steven Solomon in Supp. of Def.'s Mot. for J. on the Pleadings Exs. A, B. At least the former of these two documents indicates that Garcia is not the owner of El Migueleno.

Moreover, the Court notes that J&J did not file an opposition to Garcia's Motion for Judgment on the Pleadings. The Court's Civil Local Rules require that an opposition to a motion, or statement of nonopposition, be filed no more than fourteen days after the motion was filed. Civil L.R. 7-3(a), (b). District courts have discretion to enter judgment of dismissal for a plaintiff's failure to respond to a dispositive motion in accordance with the district court's local rules. See Ghazali v. Moran, 46 F.3d 52 (9th Cir. 1995).

Accordingly, the Court finds that judgment on the pleadings in favor of Garcia is appropriate.

### IV. Conclusion and Order

For the foregoing reasons, the Court GRANTS Defendant Garcia's Motion for Judgment on the Pleadings WITH PREJUDICE. Since this Order effectively disposes of the entire case, the Clerk shall close this file upon entry of Judgment.

Plaintiff's Motion to Strike Defendant's Affirmative Defenses, filed January 7, 2013 (Docket Item No. 11), shall be dismissed as moot.

**IT IS SO ORDERED.**

Dated: April 29, 2013

_____
EDWARD J. DAVILA
United States District Judge